**Ronald Dean POTEET, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–96–317–CR to 2–96–320–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 4, 1997.

Stacy Scofield, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Dawn A. Moore, Cary Piel, George Leall, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for Appellee.

Before LIVINGSTON, RICHARDS and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

### INTRODUCTION AND CLAIMS ASSERTED

Appellant Ronald Dean Poteet appeals his convictions for three violations of a protective order and one charge of terroristic threat. After appellant pleaded not guilty, the trial court found him guilty and assessed punishment at 365 days' confinement for the protective order violations and 180 days' confinement for the terroristic threat. In four points, appellant argues that

► the protective order violation convictions are not supported by legally sufficient evidence because the State did not prove that the protective order was valid, i.e., that appellant actually received the protective order; and

► the evidence is factually insufficient to support the terroristic threat conviction.

Because we find that

► appellant waived the right to have a court reporter at the protective order hearing and he cannot collaterally attack the protective order after he violated it, and

► the evidence is factually sufficient to prove appellant's intent on his terroristic threat conviction,

we affirm the trial court's judgments.

### PROTECTIVE ORDER VIOLATIONS

■■■ In his first three points, appellant challenges the protective order violation convictions because there is no evidence that appellant received the protective order. Appellant asserts that this alleged lack of service renders the protective order invalid. In two of the violations, appellant relies on the fact that the space on the protective order that indicates that he received the protective order is blank. In the remaining violation, appellant argues that the only evidence that he received the protective order is that appellant was at the hearing, which is not enough to prove it was actually delivered to him. Appellant does not assert that he did not receive a copy of the protective order; he only claims that the State was required to prove notice on the record of the protective order hearing for the protective order to be valid.

■■■ Appellant does not dispute that he was present in court when the protective order was issued. When the respondent is at the hearing, service of a protective order may be by mail or in open court at the close of the protective order hearing:

(a) A protective order made under this chapter shall be delivered to the respondent in accordance with Rule 21a, Texas Rules of Civil Procedure, served in the same manner as a writ of injunction, or served in open court at the close of the hearing as provided by Subsections (b)-(d).

(b) If the order is served in open court, the order shall be served as provided by this subsection. If the respondent is present at the hearing and the order has been reduced to writing, the judge or master shall sign the order and give a copy of the order to the respondent. A certified copy of the signed order shall be given to the applicant at the time the order is given to the respondent. If the applicant is not in

court at the conclusion of the hearing, the clerk of the court shall mail a certified copy of the order to the applicant not later than the third business day after the date the hearing is concluded.

TEX. FAM.CODE ANN. § 71.17(a)-(b) (Vernon 1996).

Appellant was at the hearing and waived his right to have a court reporter make a record. Thus, we will assume that the order was served on him because to assume otherwise would allow appellant to benefit from the lack of a record of the proceedings, which is a result of his waiver of a court reporter. Indeed, appellant never asserts that he did not actually receive the order. We cannot allow appellant to waive the right to have a court reporter and then claim on appeal that the State did not do something that could only be shown in a reporter's record of the hearing. *Cf. Dusenberry v. State,* 915 S.W.2d 947, 953 n. 1 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (O'Connor, J., dissenting) (stating only reason to waive recording of plea agreement is "to obscure the proceedings for later review"). Further, it appears that appellant is impermissibly attempting to collaterally attack the protective order after he has violated it. We overrule appellant's first three points attacking the validity of the protective order.[1]

### TERRORISTIC THREAT

In his fourth point, appellant alleges that the evidence was factually insufficient to support his conviction for terroristic threat. He focuses on the fact that there was insufficient proof that it was appellant's intent to place the victim in fear of imminent serious bodily injury.

This court has the authority to review fact questions in criminal cases. *See Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex. Crim.App.1996). In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.' " *Id.* at 129 (citing *Stone v. State,* 823 S.W.2d 375, 381 (Tex.

App.—Austin 1992, pet. ref'd, untimely filed)). We may only set aside the judgment if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* In performing this review, we are to give "appropriate deference" to the fact finder. *Id.* at 136.

Appellant's son, Aaron Poteet, was the victim of appellant's terroristic threat. Aaron testified that he saw appellant jump "through the living room window," stand in the driveway, and yell and scream. Appellant appeared angry and as he steadily moved toward Aaron, appellant threatened to kill Aaron. Aaron believed that appellant wanted to hurt him and cause him serious bodily injury at the time of the offense. Aaron also testified that he was afraid for his life.

Aaron's mother, who witnessed the verbal fight between Aaron and appellant, testified that when appellant was within ten feet of Aaron, appellant yelled at Aaron, "I'm going to kill you, you son of a bitch." Aaron's mother was afraid that Aaron was in imminent danger of bodily injury.

Appellant's threat of violence, made with the intent to place Aaron in fear of imminent serious bodily injury, is what constitutes the offense. *See* TEX. PENAL CODE ANN. § 22.07 (Vernon 1994); *Cook v. State,* 940 S.W.2d 344, 347 (Tex.App.—Amarillo 1997, pet. ref'd). This requisite intent can be inferred from appellant's acts, words, and conduct. *See Beltran v. State,* 593 S.W.2d 688, 689 (Tex.Crim.App. [Panel Op.] 1980); *Cook,* 940 S.W.2d at 347. The evidence we have detailed above demonstrated appellant's intent. Aaron was in fear of imminent serious bodily injury, and appellant intended to place Aaron in fear of imminent serious bodily injury when he threatened to kill Aaron. *Cf. Hadnot v. State,* 884 S.W.2d 922, 924–26 (Tex.App.—Beaumont 1994, no pet.) (holding that defendant's words, gestures, and conduct placed the victim in fear of serious bodily injury; thus, the evidence was legally sufficient). Accordingly, the judgments are

---

1. We express no opinion on appellant's argument that notice is required for a protective order to be valid. Because appellant waived a court re-porter and because this is an impermissible collateral attack, we do not reach that argument.

not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's fourth point.

### CONCLUSION

Because we find that appellant cannot benefit from waiving a court reporter at the protective order hearing or collaterally attack the protective order and that the evidence is factually sufficient to prove appellant's intent to make a terroristic threat, we affirm the trial court's judgments.