WYNN v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-394-CR

NDENGA WYNN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ndenga Wynn appeals from his conviction for violating a protective order.  In three points on appeal, Appellant challenges the validity of the protective order and the factual sufficiency of the evidence underlying his conviction.  Additionally, Appellant argues that the factual sufficiency standard of review warrants modification.  We affirm.

Brief Facts

Appellant, Ndenga Wynn, dated Quanta Tucker for approximately four years beginning in 1999, and they lived together for a year and a half before Tucker moved out.  The two ended their relationship in January of 2004.

On February 3, 2004, Appellant came to Tucker’s residence and attempted to force his way in.  Tucker pretended as if she was not home.  Appellant flew into a rage and yelled that he knew she was in there.  He tried to kick the door in before trying to enter through a window.  In fear for herself, Tucker called the police, and Appellant left before they arrived.  The police arrested Appellant and brought him to appear before a magistrate of the municipal court, where he was served with a magistrate’s order for emergency protection from family violence.  The order stated that Tucker lived in Fort Worth and that Appellant was arrested for attempted burglary with intent to commit bodily injury.  Appellant was ordered to stay away from Tucker’s home and work and not commit family violence against Tucker. 

On February 25, 2004, less than a month later, Appellant violated the order.  Appellant blocked Tucker’s car as she pulled into a parking space at her worksite.  Appellant opened her door, said, “B - - - -, you think you’re too good?” and punched her two times in the face.  Katherine Norwood, a hospital employee, was on her way to work when she saw Appellant hit Tucker.  Appellant was later arrested.  A jury found him guilty of violating the protective order and assessed his punishment at six years’ confinement and a fine of $3,000. 

Validity of Protective Order

In his first point, Appellant contends that the protective order is void because the municipal court did not have the capacity or jurisdiction to issue the protective order absent family violence or stalking, and the protective order does not show it was predicated upon either.  Specifically, Appellant argues that the protective order did not recite language that the offense involved family violence or that the defendant and victim constituted a family or household.

An order is void only when it is clear that the court issuing the order had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court.  
Nix v. State
, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001); 
see State ex rel. Latty v. Owens
, 907 S.W.2d 484, 485 (Tex. 1995).  Here, there is nothing in the record to indicate that the court lacked jurisdiction.  The order recites that Tucker lives in Fort Worth and that Appellant was arrested for attempted burglary with intent to commit bodily injury.  Furthermore, Appellant cannot collaterally attack the protective order in an appeal from a conviction for violating that order.  
See Poteet v. State
, 957 S.W.2d 165, 167 (Tex. App.—Fort Worth 1997, no pet.).  Accordingly, we overrule point one. 

Factual Sufficiency

In his second point, Appellant contends that the evidence is factually insufficient to prove that he assaulted Tucker and thus violated the protective order.  In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id.
 at 484-85.  
"
This standard acknowledges that evidence of guilt can 
'
preponderate
'
 in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.
"
 
 
Id.
 at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id.
 

In performing a factual sufficiency review, we are to give deference to the fact finder's determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder's.  
Zuniga
, 144 S.W.3d at 482. 

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant argues that the evidence is factually insufficient to prove that he violated the protective order because there was insufficient proof that he assaulted Tucker.  However, Tucker testified that when she parked her car at work, Appellant blocked her in and hit her in the face.  Norwood also testified that she saw Appellant hit Tucker.  The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony.  
Wyatt v. State
, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  “[R]econciliation of conflicts in the evidence is within the exclusive province of the jury.”  
Id
. at 30. Viewing all of the evidence in a neutral light, including the evidence relevant and supportive of Appellant’s argument on appeal, we conclude the proof that Appellant violated the protective order is not so weak as to undermine confidence in the jury's verdict.  We hold that Appellant’s conviction for violation of the protective order is supported by factually sufficient evidence.  We overrule his second point.

Change in Standard of Review

In Appellant’s third point, he asks this court to alter the standard of review for factual sufficiency.  As Appellant notes, we are bound to follow the decisions of the court of criminal appeals and have no authority to change the current standard of review.  
See Wiley v. State
, 112 S.W.3d 173, 175-76 (Tex. App.—Fort Worth 2003, pet. ref’d).  Therefore, we overrule Appellant’s third point.

Conclusion

Having overruled Appellant’s three points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.