COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-394-CR
 
  
NDENGA 
WYNN                                                                    APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ndenga Wynn appeals from his conviction for violating a protective order.  
In three points on appeal, Appellant challenges the validity of the protective 
order and the factual sufficiency of the evidence underlying his 
conviction.  Additionally, Appellant argues that the factual sufficiency 
standard of review warrants modification.  We affirm.
Brief Facts
        Appellant, 
Ndenga Wynn, dated Quanta Tucker for approximately four years beginning in 1999, 
and they lived together for a year and a half before Tucker moved out.  The 
two ended their relationship in January of 2004.
        On 
February 3, 2004, Appellant came to Tucker’s residence and attempted to force 
his way in. Tucker pretended as if she was not home.  Appellant flew into a 
rage and yelled that he knew she was in there.  He tried to kick the door 
in before trying to enter through a window.  In fear for herself, Tucker 
called the police, and Appellant left before they arrived.  The police 
arrested Appellant and brought him to appear before a magistrate of the 
municipal court, where he was served with a magistrate’s order for emergency 
protection from family violence.  The order stated that Tucker lived in 
Fort Worth and that Appellant was arrested for attempted burglary with intent to 
commit bodily injury.  Appellant was ordered to stay away from Tucker’s 
home and work and not commit family violence against Tucker.
        On 
February 25, 2004, less than a month later, Appellant violated the order.  
Appellant blocked Tucker’s car as she pulled into a parking space at her 
worksite.  Appellant opened her door, said, “B - - - -, you think 
you’re too good?” and punched her two times in the face.  Katherine 
Norwood, a hospital employee, was on her way to work when she saw Appellant hit 
Tucker.  Appellant was later arrested.  A jury found him guilty of 
violating the protective order and assessed his punishment at six years’ 
confinement and a fine of $3,000.
Validity of 
Protective Order
        In 
his first point, Appellant contends that the protective order is void because 
the municipal court did not have the capacity or jurisdiction to issue the 
protective order absent family violence or stalking, and the protective order 
does not show it was predicated upon either.  Specifically, Appellant 
argues that the protective order did not recite language that the offense 
involved family violence or that the defendant and victim constituted a family 
or household.
        An 
order is void only when it is clear that the court issuing the order had no 
jurisdiction over the parties or subject matter, no jurisdiction to render 
judgment, or no capacity to act as a court.  Nix v. State, 65 S.W.3d 
664, 668 (Tex. Crim. App. 2001); see State ex rel. Latty v. Owens, 907 
S.W.2d 484, 485 (Tex. 1995).  Here, there is nothing in the record to 
indicate that the court lacked jurisdiction.  The order recites that Tucker 
lives in Fort Worth and that Appellant was arrested for attempted burglary with 
intent to commit bodily injury.  Furthermore, Appellant cannot collaterally 
attack the protective order in an appeal from a conviction for violating that 
order.  See Poteet v. State, 957 S.W.2d 165, 167 (Tex. App.—Fort 
Worth 1997, no pet.).  Accordingly, we overrule point one.
Factual 
Sufficiency
        In 
his second point, Appellant contends that the evidence is factually insufficient 
to prove that he assaulted Tucker and thus violated the protective order.  
In reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85. "This standard 
acknowledges that evidence of guilt can 'preponderate' in favor of 
conviction but still be insufficient to prove the elements of the crime beyond a 
reasonable doubt."  Id. at 485.  In other words, 
evidence supporting a guilty finding can outweigh the contrary proof but still 
be insufficient to prove the elements of an offense beyond a reasonable 
doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder's determinations, including determinations involving the credibility and 
demeanor of witnesses.  Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for 
that of the fact finder's.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant's complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        Appellant 
argues that the evidence is factually insufficient to prove that he violated the 
protective order because there was insufficient proof that he assaulted 
Tucker.  However, Tucker testified that when she parked her car at work, 
Appellant blocked her in and hit her in the face.  Norwood also testified 
that she saw Appellant hit Tucker.  The jury is the exclusive judge of the 
credibility of the witnesses and of the weight to be given their 
testimony.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 
2000).  “[R]econciliation of conflicts in the evidence is within the 
exclusive province of the jury.”  Id. at 30.  Viewing all of 
the evidence in a neutral light, including the evidence relevant and supportive 
of Appellant’s argument on appeal, we conclude the proof that Appellant 
violated the protective order is not so weak as to undermine confidence in the 
jury's verdict.  We hold that Appellant’s conviction for violation of the 
protective order is supported by factually sufficient evidence.  We 
overrule his second point.
Change in 
Standard of Review
        In 
Appellant’s third point, he asks this court to alter the standard of review 
for factual sufficiency. As Appellant notes, we are bound to follow the 
decisions of the court of criminal appeals and have no authority to change the 
current standard of review.  See Wiley v. State, 112 S.W.3d 173, 
175-76 (Tex. App.—Fort Worth 2003, pet. ref’d).  Therefore, we overrule 
Appellant’s third point.
Conclusion
Having 
overruled Appellant’s three points on appeal, we affirm the trial court’s 
judgment.
  
  
                                                                  PER 
CURIAM
  
 
PANEL 
F: HOLMAN, WALKER, and McCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005

 
NOTES
 
1.  
See Tex. R. App. P. 47.4.