Brian Quinn, Chief Justice
The issues in this appeal are rather simple. First, did the State present legally *897 sufficient evidence establishing that appellant violated § 25.072(a) of the Texas Penal Code ? Second, did the trial court err in failing to inform the jury that it had to unanimously agree upon the two instances that constitute an offense under § 25.072(b) of the Penal Code ? We answer yes and no, respectively, and affirm the judgment.
Background
Mario Estevan Diaz Jr. (appellant) was convicted of violating § 25.072(a) of the Penal Code. It provides that a person commits an offense if "during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 25.07." TEX. PENAL CODE ANN. § 25.072(a) (West Supp. 2017). The ensuing subparagraph of the statute provides that "[i]f the jury is the trier of fact, members of the jury must agree unanimously that the defendant, during a period that is 12 months or less in duration, two or more times engaged in conduct that constituted an offense under Section 25.07." Id. § 25.072(b).
In turn, § 25.07(a) of the Penal Code makes it an offense for a person to violate the terms of certain protective orders by communicating with a protected individual in a threatening or harassing manner, id. § 25.07(a)(2)(A), communicating a threat through any person to a protected individual, id. § 25.07(a)(2)(B), communicating with a protected person when the order prohibits any such communication, or going to or near various places described in the order such as the protected person's residence or place of employment. Id. § 25.07(a)(3)(A) & (B).
Appellant does not dispute that he was the subject of an existing protective order within the scope of § 25.07(a). Nor does he dispute that Ariana Gonzalez (Gonzalez) was a protected person under that order. Next, via its indictment, the State alleged eight instances wherein appellant allegedly violated the aforementioned protective order within a twelve-month period. They involved 1) going to or near the residence of Gonzalez, 2) going to or near Gonzalez's place of employment, 3) threatening or harassing Gonzalez, and 4) communicating directly with her by text messaging. Furthermore, the State offered evidence at trial purporting to establish each of the violations.
When it came time to charge the jury, the trial court instructed:
Members of the jury, you are not required to agree unanimously on which specific acts were committed by [appellant], or the exact date when those acts were committed. You are required to agree unanimously that [appellant], during a period that is 12 months or less in duration, two or more times engaged in conduct that constituted an offense of violation of court order under Section 25.07, Texas Penal Code.
* * * * *
Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that [appellant], during a continuous period that was twelve months or less in duration, namely from about August 11, 2016 through January 25, 2017, in the County of Bailey and State of Texas, as alleged in the indictment, did then and there engage in conduct two or more times that constituted an offense under Section 25.07 of the Texas Penal Code, namely, by intentionally and knowingly violating the terms of an order issued by Judge Sherri Harrison, Bailey County Court of Bailey County, Texas, on August 15, 2016, under the authority of Chapter 85 of the Texas Family Code, by:
*898 Intentionally and knowingly going to or near the residence of Ariana Gonzalez, a protected individual described in the protective order, to-wit: by being within 200 yards of 303 W. Cedar, Muleshoe, Texas;
Intentionally and knowingly going to or near Ariana Gonzalez, a protected individual described in the protective order, to-wit: by being at the 1400 Block of West American Boulevard, which is within 200 yards of Ariana Gonzalez'[s] workplace;
Intentionally and knowingly, through Juan Diaz, communicating a threat to Ariana Gonzalez, a protected individual, the nature of the threat being to get rid of her;
Intentionally and knowingly communicate directly with Ariana Gonzalez, a protected individual, in a threatening or harassing manner, to-wit: by threatening to creep into Muleshoe at night and "go get it over with";
Intentionally and knowingly communicate directly with Ariana Gonzalez, a protected individual, in a threatening or harassing manner, to-wit: by threatening to put a hole in her head;
Intentionally and knowingly communicate directly with Ariana Gonzalez, a protected individual, in a threatening or harassing manner, to-wit: by stating that he would spit on her grave;
Intentionally and knowingly communicate directly with Ariana Gonzalez, a protected individual, when prohibited by sending text messages to Ariana Gonzalez;
you will find the defendant guilty of the offense of repeated violation of a court order and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."
Before so instructing the jury, appellant requested the trial court to omit the word "not" from the sentence stating: "Members of the jury, you are not required to agree unanimously on which specific acts were committed by [appellant], or the exact date when those acts were committed." (Emphasis added). In other words, he wanted the trial court to tell the jurors that they must unanimously agree upon the particular acts appellant committed which violated the protective order. The trial court rejected the request.
Rejecting Requested Instruction
Rejecting the request to modify the instruction concerning unanimity underlies appellant's second and third issues. Through them he asserts that the jury had to unanimously agree to the specific acts he committed which violated the protective order. Such unanimity allegedly is required by the Texas Constitution and Texas statute. We overrule the argument.
To the extent that both the Texas Constitution and the Code of Criminal Procedure mandate a unanimous verdict, such unanimity is required in determining whether the accused "committed one specific crime." Landrian v. State , 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). Yet, the jury need not unanimously find that the accused committed the crime in one specific way or through one specific act. Id. ; see Kennedy v. State , 385 S.W.3d 729, 731-32 (Tex. App.-Amarillo 2012, pet. ref'd) (involving the offense of continuous sexual abuse under § 21.02 of the Penal Code and stating that "[t]o convict, jurors must unanimously agree on each element of the crime but need not agree on all the underlying facts that make up a particular element"). In other words, "[n]either the manner (the actus reus ) nor the means (the 'instrument of death') need to be agreed upon unanimously by a jury."
*899 Sanchez v. State , 376 S.W.3d 767, 773 (Tex. Crim. App. 2012). Apparently, the trial court in the cause before us viewed the way in which appellant violated the protective order as involving the manner and means of committing the offense given its rejection of appellant's request. It is our task to determine whether it was correct.
Admittedly, we found no opinion addressing the specific debate before us. Nor did the parties cite us to any such opinion. Yet, that does not mean we journey towards the answer without guidance. Opinions illustrating how our sister intermediate courts dealt with a similar argument regarding a similarly worded statute are quite informative.
The similar statute to which we refer is § 21.02 of the Texas Penal Code. Through it, the legislature declared that a person commits a crime "if ... during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and ... at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b)(1) & (2) (West Supp. 2017). After the enactment of that statute, debate began about whether due process required a jury to unanimously agree upon the specific acts of sexual abuse committed by the accused. It is clear that the legislature thought unanimity was not required given the language of subparagraph (d) of the statute. Through that provision the legislature stated: "[i]f a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." Id. § 21.02(d). On the other hand, "[t]he jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." Id. At the very least, one could interpret the lack of unanimity regarding the specific acts of abuse as evincing legislative intent to place proof of the specific acts within the category of how the crime was committed, i.e., the manner and means of committing the crime. That legislative intent, though, did not quell the debate. The attacks being made were constitutional in nature, and we all know that constitutional mandate may not be trumped by legislative fiat.
Now, the courts which addressed the constitutional debate themselves arrived at a unanimous answer. Each found that the specific acts of sexual abuse fell within the realm of manner and means, thereby dispensing with the need for unanimity. E.g., Carmichael v. State , 505 S.W.3d 95, 106 (Tex. App.-San Antonio 2016, pet. ref'd) (reaffirming a prior holding that the individual acts of sexual abuse are manner and means rather than elements of the offense and require no unanimity); Kennedy , 385 S.W.3d at 732 (stating that the particular acts of sexual abuse comprising the series of acts are not themselves elements of the offense and require no unanimity); Jacobsen v. State , 325 S.W.3d 733, 737 (Tex. App.-Austin 2010, no pet.) (stating the same); Reckart v. State , 323 S.W.3d 588, 600-01 (Tex. App.-Corpus Christi 2010, pet. ref'd) (stating the same and adding that the "series" of acts is the element of the offense).
Like § 21.02(b), the legislature also criminalized one's engagement in a series of acts in § 25.072(a). Like § 21.02(b), the legislature also mandated that the series of acts occur within a specified time in § 25.072(a). Neither statute prescribes how those acts must occur. Rather, they prescribe the commission of a certain number *900 of acts falling within a particular category. The pertinent category under § 21.02(b) is sexual abuse while the pertinent category in § 25.072(a) entails the violation of a protective order. Given this general similarity in word structure and focus, we find little reason to treat the statutes differently when it comes to whether jurors must unanimously agree upon which specific acts were committed within the prescribed category.
Borrowing from the jurisprudence relating to § 21.02(b), we hold that while unanimity is required as to the finding that the accused committed two or more acts which violated a protective order, it is not with regard to the specific acts he committed. With that said, we must also conclude that the trial court at bar did not err by either instructing the jury as it did or rejecting appellant's request to modify the instruction.
Sufficiency of Evidence
We next address the argument that the State failed to present sufficient evidence proving appellant violated the protective order two or more times within a twelve-month period. Rather than reiterate the standard of review, we merely direct the parties to Brooks v. State , 323 S.W.3d 893 (Tex. Crim. App. 2010) (citing Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) ) for its explanation.
According to the record, appellant was subject to a protective order naming Gonzalez and their children as the protected individuals. Among other things, he was prohibited from 1) committing an act "that is a threat that reasonably places [the protected individuals] in fear of imminent physical harm, bodily injury, assault, or sexual assault," 2) communicating "in a threatening or harassing manner with any" protected person, 3) communicating "a threat through any person to any" protected person, 4) communicating "in any manner" with Gonzalez, 5) going "within 200 yards" of Gonzalez, 6) going "within 200 yards of the [r]esidence, workplace or school of" Gonzalez, and 7) stalking, following, or engaging "in conduct directed specifically to any [protected] person ... reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass them." The address of Gonzalez's residence and place of work was also specified in the order.
At trial, the State presented a myriad of evidence involving texting, Facebook messages, phone calls, and the appearance of appellant's vehicle outside Gonzalez's residence. So too did it present evidence of an instance where appellant phoned Gonzalez and told her he was coming to her residence and of another instance where appellant was found within twenty yards of Gonzalez's place of employment. Both occurred after issuance of the protective order and within a twelve-month period. These instances alone are some evidence upon which reasonable minds could conclude beyond reasonable doubt that appellant "during a period that is 12 months or less in duration ... two or more times engage[d] in conduct that constitute[d] an offense under Section 25.07 [,]" that is, violating those conditions of the protective order barring him from communicating with Gonzalez and appearing within 200 yards of her place of employment.
We overrule each of appellant's issues and affirm the trial court's judgment.