

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00068-CR

Dennis M. **MURPHY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR7429
Honorable Jennifer Peña, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:          Irene Rios, Justice
                  Lori Massey Brissette, Justice
                  Adrian A. Spears II, Justice

Delivered and Filed: November 26, 2025

AFFIRMED

A jury convicted Dennis Murphy of the offense of repeated violations of a protective order. *See* TEX. PENAL CODE § 25.072. The trial court sentenced Murphy to four years in prison. On appeal, Murphy argues the evidence is legally insufficient to support the jury's verdict because the protective order was invalid. We affirm.

**BACKGROUND**

A grand jury returned an indictment alleging that Murphy, on multiple days in 2021:

intentionally and knowingly violated an Order of the 285th District Court of Bexar County, Texas, dated the 15th day of OCTOBER, 2021, under Cause Number 2021-CI-12377, issued under the Texas Family Code Sec. 86.001, by intentionally and knowingly communicating directly by telephone and through electronic communication with [the complainant] in violation of a court order prohibiting any communication.

The indictment further alleged that the violations occurred on October 23, 2021, November 3, 2021, November 25, 2021, November 26, 2021, November 27, 2021, November 28, 2021, and November 29, 2021. Murphy pled not guilty to the allegations in the indictment.

The criminal case proceeded to trial before a jury. At trial, the evidence showed that the complainant filed an application for a protective order—a civil matter—in a Bexar County district court. Murphy was served with the application. On October 7, 2021, the district court held a final hearing on the protective order application. Both Murphy and the complainant appeared at this hearing. At the end of the hearing, the district court granted the application for a protective order. On October 15, 2021, the district court signed the final protective order, which contained a finding that Murphy had committed family violence and prohibited Murphy from communicating with the complainant in any manner. A certified copy of the final protective order was admitted into evidence at the criminal trial.

The complainant testified that she and Murphy were divorced and had two children. Between October 23, 2021, and November 29, 2021, Murphy sent her numerous text messages. Copies of these text messages were admitted into evidence. The text messages admitted into evidence include the following:

I don't care [complainant] because I know this protection order you put on me is fucking fake you might be real [in] the eyes of this fucking world but we know how

you got it by fucking lying so they'll be on your conscious I won't be here so fuck it[.]

Forget it I'm pleading the fifth all the way to trial.

Go ahead I give you permission to use all this stuff because it's all gonna be part of my testimony anyways send me to jail I'm ready.

Sorry I had to say that . . . because if I'm gonna face felony charges might as well write it put it all out there.

OK I lied I guess I'm not stopping[.] If the cops still come here though I'm not going down easy[.]

Murphy also testified. Murphy admitted that he appeared at the final protective order hearing. He further admitted that he knew the protective order prohibited him from communicating with the complainant, stating: "I knew I was not supposed to communicate with [the complainant] at all." Additionally, Murphy testified that he had "not talked" to the complainant since before the protective order was issued. Murphy denied that he had sent the text messages in question and asserted that they had been fabricated by the complainant.

The jury found Murphy guilty as charged in the indictment.

## DISCUSSION

"In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). "When considering a claim of evidentiary insufficiency, we must keep in mind that a juror may choose to believe or disbelieve all, some, or none of the evidence presented." *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). We defer to the jury's credibility determinations. *Martin*, 635 S.W.3d at 679. "We measure the sufficiency of the evidence against

the hypothetically-correct jury charge, defined by the statutory elements as modified by the charging instrument." *Edward*, 635 S.W.3d at 656.

Murphy was indicted for the offense of repeated violation of a protective order under section 25.072(a) of the Texas Penal Code, which provides: "A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 25.07." TEX. PENAL CODE § 25.072(a). As applicable to this case, section 25.07 provides that a person commits an offense if he violates a protective order by intentionally or knowingly communicating in any manner with the protected individual, if the violation is of an order described by this subsection and the order prohibits any communication with a protected individual. *See id*. § 25.07(a)(2)(C).

On appeal, Murphy's chief complaint is that the evidence is legally insufficient to support his criminal conviction because the final protective order is "invalid." Murphy asserts the final protective order is invalid because of alleged errors in the protective order proceeding, namely, (1) he was not properly served with the protective order application, (2) the protective order application was not in the proper form, (3) he was not given sufficient notice of the final protective order hearing, (4) the final protective order was obtained by a private attorney rather than the district attorney, and (5) a copy of the signed final protective order was not served on him.

Texas intermediate appellate courts have rejected similar complaints about protective orders issued in civil cases and later challenged in criminal appeals because they constitute impermissible collateral attacks. *See,* e.g., *Torres v. State*, No. 08-19-00209-CR, 2021 WL 3400598, at *4 (Tex. App.—El Paso Aug. 4, 2021, no pet.) (mem. op., not designated for publication) ("[E]ven if the Order was not justified for any one of the reasons Torres now complains of, in any case, such error would have made the Order voidable—not void—and Torres'

remedy was a direct challenge of the Order, in accordance with the appropriate procedures and deadlines at the time of the Order's issuance."); *Nielsen v. State*, No. 02-19-00157-CR, 2020 WL 1808574, at *6 (Tex. App.—Fort Worth Apr. 9, 2020, pet. ref'd) (mem. op., not designated for publication) ("Nielsen's contention that the modified protective order is void constitutes a collateral attack on that order, one that is not permissible in this proceeding."); *Rogers v. State*, No. 09-15-00270-CR, 2017 WL 2698038, at *3 (Tex. App.—Beaumont June 21, 2017, no pet.) (mem. op., not designated for publication) ("Rogers . . . cannot collaterally attack the validity of the protective order on an appeal for his conviction for violating it."); *Glandon v. State*, No. 14-10-0020-CR, 2011 WL 345634, at *6 (Tex. App.—Houston [14th Dist.] Feb. 1, 2011, no pet.) (mem. op., not designated for publication) ("Appellant may not collaterally attack the April 9, 2008 protective order in this appeal from his conviction for violating that order.").

"[A] 'collateral attack' is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose." *Adams v. State*, 222 S.W.3d 37, 57 (Tex. App.—Austin 2005, pet. ref'd). "Collateral attacks on final judgments are generally disallowed." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). "Only a void judgment may be collaterally attacked." *Id*. at 346. "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Id*. (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)). "All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack." *Placke*, 698 S.W.2d at 363. "[A] protective order that is not void, only voidable, is only subject to direct attack." *In re S.M.*, 658 S.W.3d 876, 879 (Tex. App.—El Paso 2022, no pet.).

Murphy does not assert that the final protective order issued against him is void; rather, he asserts that it is "invalid" or voidable. We conclude that Murphy's complaint about the validity of the final protective order is an impermissible collateral attack that cannot be considered in an appeal from his criminal conviction for violating that order. *See Poteet v. State*, 957 S.W.2d 165, 167 (Tex. App.—Fort Worth 1997, no pet.) (noting appellant's complaint about protective order was an impermissible collateral attack in appeal from criminal conviction). Accordingly, we will not consider Murphy's complaint about the invalidity of the final protective order in reviewing the sufficiency of the evidence to support his conviction.

To perform a sufficiency review, we compare the evidence produced at the criminal trial to the essential elements of the offense as defined by the hypothetically correct jury charge. *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021). Here, the State produced evidence showing that Murphy intentionally and knowingly communicated with the complainant two or more times in a twelve-month period in violation of the final protective order. A certified copy of the October 15, 2021 final protective order was admitted into evidence. The final protective order identifies the complainant as a "Protected Person" and "[p]rohibit[s] [Murphy] . . . from communicating in any manner with any Protected Person." The final protective order recites that Murphy was present at the final hearing, and Murphy testified that he appeared at the final hearing where the final protective order was granted. Murphy also testified that he knew the final protective order was in place and that he knew it prohibited him from communicating with the complainant.

According to the complainant's testimony, after the final protective order was issued, Murphy repeatedly communicated with her by sending text messages to her cell phone. Copies of dozens of text messages showing they were sent on October 23, 2021, November 3, 2021, November 25, 2021, November 26, 2021, November 27, 2021, November 28, 2021, and November

29, 2021, were admitted into evidence. The complainant explained that many of the text messages were sent by Murphy because she recognized his cell phone number and because of "the tone, the texture and the comments within them." She also explained that some of the text messages were sent by Murphy from her son's cell phone, which Murphy used when his cell phone was lost and their son was at Murphy's house. Finally, the complainant explained that another text message was sent by Murphy because she recognized the sending phone number as Murphy's work phone number. *See Butler v. State*, 459 S.W.3d 595, 602-03 (Tex. Crim. App. 2015) (holding evidence identifying cell phone number and content of text exchanges may permit a proper inference that the purported author of an electronic communication actually sent the message). Although Murphy testified that he did not send the text messages in question, the jury was entitled to disbelieve this part of his testimony. *See Edward*, 635 S.W.3d at 655 ("The jury is the sole judge of the weight and credibility of the evidence.").

Viewing the evidence and all reasonable inferences in the light most favorable to the jury's verdict and deferring to the jury's credibility determinations, we conclude a rational jury could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, the evidence is legally sufficient to support the jury's verdict. *See Diaz v. State*, 549 S.W.3d 896, 900 (Tex. App.—Amarillo 2018, no pet.) (holding State presented legally sufficient evidence to support conviction for violating a protective order two or more times within a twelve-month period).

## CONCLUSION

The trial court's judgment is affirmed.

Adrian A. Spears II, Justice

DO NOT PUBLISH