Terrence CARMICHAEL, Appellant

v.

The STATE of Texas, Appellee

No. 04-15-00572-CR

Court of Appeals of Texas, San Antonio.

Delivered and Filed: October 19, 2016

---

17. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015).

Julie B. Pollock, Hitchings & Pollock, San Antonio, TX, for Appellant.

Jennifer Rossmeier, Bexar County Assistant District Attorney, San Antonio, TX, for Appellee.

Sitting: Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Jason Pulliam, Justice

A jury convicted Terrence Carmichael of one count of the offense of continuous sexual abuse of a child, one count of the offense of aggravated sexual assault of a child, and two counts of the offense of indecency with a child. The trial court assessed Carmichael's punishment at life imprisonment for the offenses of continuous sexual abuse of a child and aggravated sexual assault of a child and twenty years' imprisonment for each count of the offense of indecency with a child. The trial court ordered Carmichael to serve the punishments concurrently. On appeal, Carmichael contends his conviction for aggravated sexual assault of a child offends double jeopardy, and in the alternative, argues the evidence supporting his conviction for aggravated sexual assault of a child is insufficient. Carmichael additionally contends the trial court erroneously admitted outcry and extraneous offense testimony during the guilt/innocence phase, failed to ensure Carmichael's appointed counsel provided effective representation, and erroneously charged the jury it could convict him even if all jurors did not unanimously agree on the specific acts of abuse committed or the exact dates on which the acts were committed. Finally, Carmichael contends section 21.02(d) of the Texas Penal Code unconstitutionally permits a jury to convict a person of continuous sexual abuse even if the jury does not unanimously agree on the specific acts of abuse committed or the exact dates on which the acts were committed. The trial court's judgment is affirmed in part and vacated in part.

## BACKGROUND

Carmichael is the biological father of the complainants, AC and MC, and the stepfather of DT. Carmichael and the girls' mother ("VC") divorced in 2009. VC was

awarded custody of the girls, but they visited their father. In June 2013, AC wrote VC a note, which stated: "He touched me in places I don't want to be touched. I say no, but he don't (sic) listen." MC also reported to her mother that Carmichael touched her. VC contacted authorities, and Officer Tiffany Stewart from San Antonio Police Department ("SAPD") interviewed AC and MC. Later, DT additionally reported to VC that Carmichael touched her inappropriately when she was a young child. Further investigation resulted in an indictment that charged Carmichael with five counts of sexual offenses and listed three complainants, AC, MC, and DT.

Prior to trial, the State abandoned Count III of the indictment, which alleged aggravated sexual assault committed against DT. The State proceeded to trial on four counts, which listed AC and MC as the complainants. The jury found Carmichael guilty of all four counts, and Carmichael elected for the trial court to assess punishment. The trial court sentenced Carmichael to two terms of life imprisonment and two terms of twenty years' imprisonment to be served concurrently.

This appeal followed.

## ANALYSIS

### Double Jeopardy

Carmichael contends Count II alleges a discrete offense which should have been alleged as part of the continuous sexual abuse charged in Count I, and therefore, his conviction for the aggravated sexual assault alleged by Count II is barred by double jeopardy and should be vacated. Carmichael did not file a motion or object when this case was before the trial court that he was ineligible for a separate sentence based on his conviction for aggravated sexual assault. *See* TEX. R. APP. P. 33.1. Carmichael also did not object to the charge. Nevertheless, Carmichael may raise a double-jeopardy claim that is apparent on the face of the record for the first time on appeal. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused from being punished more than once for the same offense in a single prosecution. *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *see also* U.S. CONST. amends. V, XIV. "In the multiple punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275-76 (Tex. Crim. App. 2008). "Sameness in this context is a matter of legislative intent." *Id.* at 276.

The continuous sexual abuse statute provides a defendant may not be convicted of both continuous sexual abuse and of an offense listed as a predicate offense in the statute, unless the predicate offense "occurred outside the period in which the [continuous sexual abuse] offense alleged . . . was committed[.]" TEX. PENAL CODE ANN. § 21.02(e)(2) (West 2015). An offense listed under section 21.02(c) is a lesser-included offense of continuous sexual abuse, and is considered a "predicate" offense under the continuous sexual abuse statute. *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011). Based on the language in section 21.02(c) it appears the Legislature did not intend to allow a defendant convicted of continuous sexual abuse to be also convicted for aggravated sexual assault of the same child if

the aggravated sexual assault at issue and the continuous sexual assault both occurred within the same time periods. TEX. PENAL CODE ANN. § 21.02(c)(4) (West 2015); *Littrell*, 271 S.W.3d at 275–76.

In this case, the offense alleged in Count I charged Carmichael with the continuous sexual abuse of a child from June 1, 2011 through June 14, 2013. Count I alleged six different acts, two committed against AC and four committed against MC. Count II alleged Carmichael committed aggravated sexual assault of the complainant AC on June 15, 2011. The jury found Carmichael guilty of both counts.

The event that gave rise to the conviction of aggravated sexual assault in Count II occurred during the time period of the continuous sexual abuse alleged in Count I. Additionally, aggravated sexual assault of a child is listed as an offense on which a continuous sexual abuse charge can be predicated. Finally, AC is the complainant alleged in both counts. Therefore, this court concludes punishing Carmichael for both continuous sexual abuse and aggravated sexual assault, under the circumstances of this case, results in a double-jeopardy violation.

When an appellant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other conviction. *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). In light of this court's resolution of issue one on double-jeopardy grounds, this court retains the conviction for continuous sexual abuse of a child and sets aside the conviction for aggravated sexual assault of a child.

Issue one is sustained.

## Sufficiency of the Evidence

In issue two, Carmichael contends the evidence presented at trial is insufficient to support his conviction for aggravated sexual assault of a child. This court need not reach issue two given the resolution of issue one.

Issue two is overruled.

## Admissibility of Witness Testimony

Carmichael alleges the trial court erred by admitting testimony from extraneous-offense complainant DT and Sexual Assault Nurse Examiner Mary Carmen Perusquia. The State responds Carmichael did not object to the testimony of these two witnesses during trial and has failed to preserve the complaints for appellate review.

### *Standard of Review*

An appellate court reviews the trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed. *Id.*

To preserve a complaint for appellate review, the complaining party must make a timely objection to the trial court which states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. TEX. R. APP. P. 33.1(a)(1). The complaining party must let the trial court know what he wants and why he thinks he is entitled to it, and he must do so clearly enough for the trial court to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*,

441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

There are, however, two "narrow exceptions" to these preservation requirements. *Grado v. State*, 445 S.W.3d 736, 739–41 (Tex. Crim. App. 2014) (explaining that even constitutional rights are subject to preservation requirements and that "evidentiary or procedurally based" rights are generally subject to preservation requirements). Neither absolute requirements nor waivable-only rights may be forfeited by a party's inaction in the trial court. *See Smith v. State*, 463 S.W.3d 890, 895–96 (Tex. Crim. App. 2015); *Grado*, 445 S.W.3d at 739. Absolute requirements include jurisdiction of the person and jurisdiction of the subject matter. *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003). Waivable-only rights include "the rights to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation which a statute specifically made waivable-only." *Id.*

### DT's Testimony

In issues three, four and five, Carmichael contends the trial court erred by failing to conduct a hearing outside the jury's presence to determine whether DT's testimony satisfied the requirements of article 38.37 and Texas Rule of Evidence 403 and was adequate to support a finding by the jury that Carmichael committed the extraneous offense beyond a reasonable doubt.

Count III of the indictment alleged Carmichael committed the offense of aggravated sexual assault and listed DT as the complainant. Before trial, the State abandoned and waived Count III of the indictment. At trial, the State called DT to testify regarding the separate offenses Carmichael committed against her. Carmichael cross-examined DT, but did not object to her testimony.

Generally, an extraneous offense is not admissible to prove a person's character in order to show the person acted in accordance with that character. TEX. R. EVID. 404(b). However, article 38.37 creates an exception to Rule 404(b) for certain cases, including continuous sexual abuse of a child. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a)(1)(B), (b) (West Supp. 2016); *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.–Austin 2001, pet. ref'd). Under section 2 of article 38.37, evidence the defendant committed a separate offense may be admitted at trial for any bearing it has on relevant matters, including the defendant's character and acts performed in conformity with that character. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a)(1)(B), (b). Article 38.37 section 2 supersedes Rule 404 (b). *Hitt*, 53 S.W.3d at 705.

Nevertheless, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. When extraneous acts are relevant under article 38.37, the trial court must still "conduct a Rule 403 balancing test upon proper objection or request." *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.–Tyler 2015, no pet.); *see Hitt*, 53 S.W.3d at 705. Additionally, article 38.37 directs the trial court to hold a hearing outside the presence of the jury for the purpose of determining the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

Although Carmichael contends the provision requiring a hearing is mandatory, the Court of Criminal Appeals has directed, "[e]xcept for complaints involving

systemic (or absolute) requirements, or rights that are waivable only, . . .all *other complaints whether constitutional, statutory, or otherwise,* are forfeited by failure to comply with Rule 33.1(a)." *Mendez v. State,* 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (emphasis added). For example, similarly to article 38.37, article 38.072 of the Code of Criminal Procedure requires a "hearing conducted outside the presence of the jury" before evidence of a child's outcry statement may be admitted, but this procedure is subject to forfeiture when not insisted on in a trial court. *See Taylor v. State,* No. 03–14–00173–CR, —— S.W.3d ——, ——, 2015 WL 6119515, at *3 (Tex. App.–Austin Oct. 14, 2015, pet. ref'd); *Williams v. State,* No. 02–10–00118–CR, 2011 WL 1601290, at *6 (Tex. App.–Fort Worth Apr. 28, 2011, pet. ref'd) (mem. op., not designated for publication) ("Various Texas courts, including our own, have held that a complaint regarding the lack of a reliability hearing under article 38.072 is forfeited if it is not raised at trial and if there is no objection to the outcry testimony."); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2) (West Supp. 2016).

This court concludes that the article 38.37, section 2-a hearing requirement, like the hearing requirement contained in article 38.072, which does not contain language expressly requiring a waiver, is subject to the general requirement of preservation, and is therefore subject to forfeiture. *See* TEX. R. APP. P. 33.1(a); *Mendez,* 138 S.W.3d at 342; *see also Campbell v. State,* No. 02–15–00018–CR, 2015 WL 10324054, at *2 n.3 (Tex. App.–Fort Worth Dec. 10, 2015, no pet.) (mem. op., not designated for publication) ("Campbell did not assert any objection at trial implicating article 38.37, section 3's notice requirement or article 38.37, section 2–a's preliminary hearing procedure. Therefore, . . . neither argument was preserved for appellate review."); *Belcher,* 474 S.W.3d at 849-50 (holding that a defen-

dant forfeited his complaint about notice of extraneous offenses required by article 38.37 because the defendant did not raise the complaint in the trial court). Carmichael failed to object to the lack of a hearing under article 38.37. Therefore, this court concludes he forfeited that complaint and overrules his third, fourth, and fifth issues. *See* TEX. R. APP. P. 33.1(a); *Mendez,* 138 S.W.3d at 342; *see also Stephens v. State,* No. 02–15–00046–CR, 2016 WL 2586639, at *7 (Tex. App.–Fort Worth May 5, 2016, pet. ref'd).

### *Mary Carmen Perusquia's Testimony*

In issues six and seven, Carmichael contends the trial court erred by admitting Perusquia's testimony without first conducting an article 38.072 hearing and because Perusquia's testimony relating to AC's statements did not qualify as an exception to the hearsay rule.

 Prior to trial, the State filed three notices of its intent to present AC's outcry statements. Perusquia was not named as the outcry witness in any of the notices and was thus not the subject of the pretrial hearings on those notices. When the State called Perusquia to testify, the State established Perusquia as the custodian of the records pertaining to AC's emergency room visit and subsequent exam, which was performed by Perusquia. During Perusquia's testimony, the trial court admitted the SANE report into evidence without objection. Thereafter, Perusquia read portions of the SANE report verbatim without objection. The portions she read for the jury included the information AC reported about the sexual abuse to Perusquia during her exam.

The record shows the State did not present Perusquia as an outcry witness, but rather as the custodian of the medical records resulting from AC's emergency

room visit and subsequent exam. Although Carmichael cross-examined Perusquia regarding AC's statements, the record shows Carmichael did not object to Perusquia's testimony. Accordingly, this court concludes Carmichael's lack of objection to Perusquia's testimony waives his complaint of issues six and seven on appeal. *See* Tex. R. App. P. 33.1(a).

Issues six and seven are overruled.

## Ineffective Assistance of Counsel

In issue eight, Carmichael contends the trial court failed to ensure he received effective assistance of counsel or a fair trial. Carmichael argues, "[t]he State was allowed to basically put before the jury anything and everything they wanted without objection or challenge from defense counsel." Carmichael specifically complains DT's testimony was not put through the examination of an article 38.37 hearing and Perusquia testified about statements AC made during the SANE examine without objection. This court interprets Carmichael's complaint not to be that he received ineffective assistance of counsel, but that the trial court erred by not stepping in to disqualify trial counsel, especially given trial counsel's medical condition.

Several months before trial, trial counsel suffered a stroke. Counsel informed the trial court he had been directed by his doctor not to try cases earlier than May 2015. In May 2015, counsel filed a motion for continuance, citing continued complications from his stroke, including problems with balance, walking, mental clarity, watering eyes, inability to focus, tiredness, and lack of energy. In the motion for continuance, counsel advised the trial court he was not able to competently represent Carmichael at that time.

Following jury selection, but before trial commenced, the trial court inquired about counsel's health and ability to represent Carmichael during the following exchange:

The Court: Counsel, I just want to make sure that the record is clear—and that you've talked about those issues with your client and you feel—you feel more than competent and prepared and ready to proceed with this trial at this time.

Do you want to address that on the record for us just to make sure the record is clear?

[Counsel]: Thank you, Your Honor.

Well, I suffered a stroke February 13 of this year, and it still has repercussions. I'm never quite 100 percent as clear as I was. I have some problems walking with balance frequently. It's hard to explain. I don't feel like I'm 100 percent here, like, I'm not quite dizzy, not quite out of focus, and not quite in. But I feel competent to go on with this trial unless my client objects to that.

So, if something happens, Judge, I'll just inform the court.

The Court: So, the issues that you are having are more physical and not in any way something that would relate to representation? Physical, meaning maybe light-headed, dizziness in walking, but not anything in regards to the mind, in terms of memory, in terms of—in terms of ability to cross—

[Counsel]: The only thing is getting tried.

The Court: Okay. So—so, if there's anything that you feel that you believe that in any way—a .001 percent affect your representation, you let the Court know and we'll deal with that.

[Counsel]: Okay

The Court: Does that sound good?

[Counsel]: Yes, it does. Thank you, Your Honor.

The trial court then addressed the issue with Carmichael directly:

The Court: All right. Mr. Carmichael, I want to make sure that you understand all that.

Defendant: Yes, Your Honor.

The Court: Okay. Are you asking for us to go ahead and proceed now comfortable knowing that your attorney has got his full faculties about him and that if there is any issue, he'll definitely address it to the Court? Are you comfortable with that?

Defendant: Yes, Your Honor.

The Court: Do you want to continue to proceed with the jury trial?

Defendant: Yes, Your Honor.

The Court: All right. Is there anything you want to tell me in regards to any of those issues?

Defendant: No, Your Honor. Just that if something comes up in the near future and he cannot continue with this trial, I prefer to get another lawyer that would be able to represent me to its full capacity.

The Court: Okay. At this time, do you feel that way?

Defendant: No, Your Honor.

The Court: And that's based on his representation?

Defendant: Yes, Your Honor.

The Court: And so far it's also based on the communications that you've had with your attorney?

Defendant: Correct, Your Honor.

The Court: So, you—at this time, because it hasn't been addressed, you're more than comfortable to proceed?

Defendant: Yes, Your Honor.

The record shows Carmichael did not bring any concerns about trial counsel's representation to the trial court's attention.

The Sixth Amendment guarantees a defendant in a criminal proceeding the right to have assistance of counsel. *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003). It is the duty of the trial court to ensure criminal defendants receive a fair trial that does not contravene the Sixth Amendment's aim of providing effective assistance of counsel once issues are raised indicating a concern. *Id.* at 840. However, once the trial court has appointed an attorney to represent an indigent defendant, the trial court has accorded the defendant the protections provided under the Sixth Amendment. *See Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [panel op] 1982). "If a defendant is displeased with his appointed counsel, he must bring the matter to the court's attention." *Id.* "Thereupon, the defendant carries the burden of proving he is entitled to a change of counsel." *Id.*

Although the trial court advised Carmichael to bring any concerns regarding counsel's representation to the trial court's attention, Carmichael did not do so. Further, an examination of the record shows trial counsel lodged several objections—albeit not to the admission of the evidence about which Carmichael now complains of on appeal—and subjected witnesses to cross-examination. The record indicates a competent defense, and Carmichael has not shown harm resulting from the trial court's alleged failure to ensure counsel's representative was effective. *See id.*

Issue eight is overruled.

### Unanimity and the Constitutionality of Section 21.02

Carmichael asks this court to revisit our prior decision in *Fulmer v. State*, 401

S.W.3d 305 (Tex. App.–San Antonio 2013, pet. ref'd), in which this court held section 21.02 of the Texas Penal Code, which defines the offense of continuous sexual abuse of a child, is constitutional. Carmichael contends the statute is unconstitutional and violates the requirement of jury unanimity because the jury is allowed to convict a person of the offense without unanimously agreeing on the specific acts of abuse committed or the exact dates the acts were committed. Because the jury charge tracked the language of the statute, Carmichael further contends the jury charge was erroneous.

■ To convict a defendant of the offense of continuous sexual abuse of a child, a jury must find: (1) the defendant committed two or more acts of sexual abuse during a period of thirty or more days; and (2) at the time of each act of sexual abuse, the defendant was 17 years of age or older and the victim was a child younger than 14 years of age. TEX. PENAL CODE ANN. § 21.02(b) (West 2015). Section 21.02(d) further provides, "If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* at § 21.02(d).

In *Fulmer*, this court first noted jurors are required to unanimously agree that a defendant committed each element of an offense but not the manner and means by which the defendant committed the offense. 401 S.W.3d at 311. In the context of the offense of continuous sexual abuse of a child, this court agreed with our sister courts that "the individual acts of sexual abuse are manner and means, not [elements] of the offense." *Id.* at 312. "There-

fore, unanimity [is] required only as to a finding that [the defendant] committed two or more acts of sexual abuse—not as to which specific acts he committed." *Id.* Because section 21.02 requires a jury to unanimously agree on the elements of the offense of continuous sexual abuse of a child, this court held the statute was constitutional. *Id.* at 313.

■ This court declines Carmichael's invitation to revisit the holding in *Fulmer* and overrules his ninth, tenth, eleventh, and twelfth issues.

### CONCLUSION

Based on the forgoing, this court affirms Carmichael's convictions for the offenses of continuous sexual abuse of a child and indecency with a child as alleged in Counts I, III, and IV. Carmichael's conviction for aggravated sexual assault of a child as alleged in Count II is reversed and vacated.