

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00278-CR

---

BOBBY LEE HARRIS                                                   APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1496615R

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted appellant Bobby Lee Harris of continuous sexual abuse of a young child, of aggravated sexual assault of a child, and of sexual assault of a child. All of the convictions arose from Harris's sexual acts with K.H. (Kaleb).[2] On appeal, in three points, Harris argues that the statute that creates the offense

---

[1]*See* Tex. R. App. P. 47.4.

[2]To protect Kaleb's anonymity, we use an alias. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

of continuous sexual abuse of a young child, section 21.02 of the penal code, is unconstitutional; that article 102.0186 of the code of criminal procedure, which authorizes the imposition of a $100 cost upon a defendant's conviction for certain sex-related offenses, is unconstitutional; and that the federal constitutional guarantee against double jeopardy bars his conviction for aggravated sexual assault of a child. Because we overrule Harris's first two points but sustain his third point, we affirm the judgments related to his convictions for continuous sexual abuse of a young child and for sexual assault of a child, and we reverse and vacate his conviction of aggravated sexual assault of a child.

## Background Facts

Because Harris does not contest the sufficiency of the evidence to prove his guilt for any of the charges at issue, we need not detail the facts leading to his convictions. Suffice it to say that the State presented evidence proving his engagement in several sexual acts with Kaleb from 2012 through 2014, when Kaleb was between twelve and fourteen years old.

A grand jury indicted Harris with six charges related to those acts. In the first count of the indictment, the State alleged that he had committed continuous sexual abuse of a young child by perpetrating two or more acts of sexual abuse against Kaleb between May 16, 2012 and May 15, 2014 (a period of thirty days or more).[3] In the second count, the State alleged that Harris had committed

---

[3]*See* Tex. Penal Code Ann. § 21.02(b) (West Supp. 2017).

aggravated sexual assault by touching his mouth to Kaleb's sexual organ while Kaleb was younger than fourteen years old.[4]  In the fourth count, the State alleged that Harris had committed sexual assault by causing Kaleb's anus to contact Harris's sexual organ while Kaleb was younger than seventeen years old.[5]  The third, fifth, and sixth counts of the indictment described charges of which Harris was eventually acquitted.

At trial, Harris pleaded not guilty.  After hearing the parties' evidence and arguments on the issue of his guilt, the jury convicted him of the first, second, and fourth counts.  The jury heard further evidence and arguments on his punishment and assessed thirty years' confinement for continuous sexual abuse of a young child (count one), five years' confinement for aggravated sexual assault (count two), and two years' confinement for sexual assault (count four). The trial court sentenced Harris in accordance with the jury's verdicts and ordered the sentences to run consecutively.  He brought this appeal.

### Constitutionality of Section 21.02

In his first point, Harris contends that section 21.02 is facially unconstitutional.  He reasons that the statute, which authorizes a conviction upon

---

[4]*See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (West Supp. 2017).

[5]*See* Tex. Penal Code Ann. § 22.011(a)(2)(D), (c)(1) (West Supp. 2017).

proof that a defendant committed two or more acts of sexual abuse[6] over a period of thirty days or more without requiring the jury to agree on which two, violates the constitutional guarantee of due process because it allows for the jury to reach a nonunanimous verdict. *See Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App.) (recognizing that constitutional due process considerations limit the state's ability to define a crime so as to dispense with the requirement of jury unanimity on the alternate means or modes of committing it), *cert. denied*, 549 U.S. 957 (2006); *see also* Tex. Penal Code Ann. § 21.02(d) ("If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."). He presented the same argument in the trial court.

Harris forthrightly admits that we have previously rejected arguments that section 21.02 is facially unconstitutional on the basis that he proposes. Indeed, this court and other courts have consistently rejected arguments challenging section 21.02's constitutionality. *See, e.g.*, *Navarro v. State*, 535 S.W.3d 162, 165–66 (Tex. App.—Waco 2017, pet. ref'd); *Heslip v. State*, No. 02-16-00375-CR, 2017 WL 2178878, at *2 (Tex. App.—Fort Worth May 18, 2017, pet. ref'd)

---

[6]The statute defines "act of sexual abuse" by referring to a number of other sex-related crimes contained within the penal code. Tex. Penal Code Ann. § 21.02(c).

4

(mem. op., not designated for publication) (collecting cases from this court upholding section 21.02's constitutionality in the face of unanimity challenges).

Harris's argument does not persuade us to depart from our precedent or to differ from the persuasive decisions of other courts of appeals. Based on the rationale expressed in the cases above, we again hold that section 21.02 is not facially unconstitutional, and we overrule Harris's first point.

## Constitutionality of Article 102.0186

In his second point, Harris argues that article 102.0186, which imposes a $100 cost upon a defendant's conviction for certain sex-related offenses, is unconstitutional because it violates separation of powers principles.[7] Like in his first point, Harris acknowledges that we have rejected this argument, and he states that he presents it to this court to preserve it for further review. We are not persuaded that we should overrule our precedent that upholds article 102.0186's constitutionality. *See Sparks v. State*, No. 02-16-00311-CR, 2017 WL 3633997, at *3 (Tex. App.—Fort Worth Aug. 24, 2017, pet. ref'd) (mem. op., not designated for publication); *Heslip*, 2017 WL 2178878, at *2; *Ingram v. State*, 503 S.W.3d 745, 749–50 (Tex. App.—Fort Worth 2016, pet. ref'd). Accordingly, we reject Harris's contention that article 102.0186 is unconstitutional, and we overrule his second point.

---

[7]An attachment to the judgment of conviction for continuous sexual abuse of a young child shows that the trial court imposed $100 for "Child Abuse Prv."

## Double Jeopardy

In his third point, Harris contends that his conviction for aggravated sexual assault, arising from count two of the indictment, violates the federal constitutional prohibition against double jeopardy.[8]  *See* U.S. Const. amend V. He argues that under the circumstances of this case, aggravated sexual assault was a lesser-included offense of continuous sexual abuse of a young child, and the law cannot sustain a conviction for both offenses.  The State agrees that Harris's conviction for aggravated sexual assault violates double jeopardy principles and urges us to vacate the aggravated sexual assault conviction.

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  *Id.*; *see Washington v. State*, 326 S.W.3d 302, 311 (Tex. App.—Fort Worth 2010, pet. ref'd).  The clause protects against multiple punishments for the same offense.  *Washington*, 326 S.W.3d at 311.  In the multiple-punishments context, two offenses "may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended."  *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

---

[8]Harris does not contend that his conviction for sexual assault, arising from count four of the indictment, violates the prohibition against double jeopardy.

Under section 21.02, aggravated sexual assault may qualify as an "act of sexual abuse" that is a predicate for a conviction for continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02(b)(1), (c)(4). The legislature has expressed that a defendant may not be convicted for both continuous sexual abuse of a young child and for an act of sexual abuse that may serve as a predicate for that crime unless the act of sexual abuse is charged in the alternative, the act occurred outside the period for which the State charged continuous sexual abuse of a young child, or the act is considered as a lesser-included offense. *Id.* § 21.02(e). Applying this legislative directive, Texas courts have concluded that double jeopardy principles prevent a defendant's conviction for continuous sexual abuse of a child and for a predicate sexual crime against the same victim that occurred within the period of the alleged continuous sexual abuse. *See Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) ("[T]he Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time."); *Aguilar v. State*, No. 04-16-00508-CR, 2017 WL 5615580, at *5 (Tex. App.—San Antonio Nov. 22, 2017, no pet.); *Carmichael v. State*, 505 S.W.3d 95, 101 (Tex. App.—San Antonio 2016, pet. ref'd); *Kloepfer v. State*, No. 05-13-00723-CR, 2014 WL 5867673, at *3 (Tex. App.—Dallas Nov. 13, 2014, no pet.) (mem. op., not designated for publication) ("[A] defendant cannot be convicted of continuous sexual [abuse] and aggravated sexual assault of the same child if the aggravated

7

sexual assault and the continuous sexual abuse occurred within the same time periods.").

Here, in charging continuous sexual abuse of a young child in count one, the State alleged that from May 16, 2012 through May 15, 2014, Harris had committed two or more acts of sexual abuse against Kaleb. Count two alleged that Harris had committed aggravated sexual assault against Kaleb on or about May 15, 2014, which is within the same time period of continuous sexual abuse as charged in count one.[9] Following the reasoning in the cases cited above, we conclude that double jeopardy principles prohibit the less-punitive aggravated sexual assault conviction. *See Price*, 434 S.W.3d at 606; *Carmichael*, 505 S.W.3d at 100–01. We must affirm Harris's conviction for continuous sexual abuse of a young child and vacate his conviction for aggravated sexual assault. *See Carmichael*, 505 S.W.3d at 101. We sustain Harris's third point.

## Conclusion

Having overruled Harris's first and second points, we affirm the trial court's judgments of conviction for continuous sexual abuse of a young child and for sexual assault, which correspond with counts one and four of the indictment. Having sustained his third point, we reverse and vacate the trial court's judgment

---

[9]In contrast, count four alleged that Harris had committed sexual assault against Kaleb on or about November 30, 2014, a date outside the time period alleged for continuous sexual abuse.

8

of conviction for aggravated sexual assault, which corresponds with count two of the indictment.

/w/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  MEIER, GABRIEL, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 28, 2018