

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00053-CR

JAMES ALLEN JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 273rd District Court
Sabine County, Texas
Trial Court No. CR1607299

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

A Sabine County[1] jury convicted James Allen Jackson of aggravated sexual assault of Jane Doe, a child younger than fourteen. In accordance with the jury's assessment, Jackson was sentenced to life imprisonment. Among other things, Jackson argues on appeal that he was subjected to double jeopardy because, in our companion case numbered 06-18-00054-CR, the State also obtained a conviction for continuous sexual abuse of Jane Doe for the time period within which the offense in this case occurred.[2] The State concedes the point. Because we conclude that Jackson's conviction for aggravated sexual assault of Jane Doe was not authorized by the statute, because it would otherwise have violated his right to be free from multiple punishments for the same offense, we vacate the trial court's judgment as to this conviction for aggravated sexual assault.

"The Fifth Amendment guarantee against double jeopardy protects 'against multiple punishments for the same offense.'" *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)); *see* U.S. CONST. amends V, XIV. A claim that a defendant was subjected to multiple punishment arises if a defendant "is punished for: (1) the same primary offense twice, 'once for the basic conduct, and a second time for that same conduct plus more,' or (2) the same criminal act twice under two distinct statutes 'when the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]In our companion case numbered 06-18-00055-CR, Jackson also appeals his conviction for continuous sexual abuse of Jane's sister, Mary Doe.

legislature intended the conduct to be punished only once[.]"' *Id.* (quoting *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006)).[3]

A person commits the offense of continuous sexual abuse of a child if "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse" and "the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX. PENAL CODE ANN. § 21.02(b)(2) (West Supp. 2018). Section 21.02 lists predicate offenses which constitute "acts of sexual abuse" under the statute, including aggravated sexual assault of a child. TEX. PENAL CODE ANN. § 21.02(c)(4) (West Supp. 2018). The statute further states,

> A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):
>
> (1)     is charged in the alternative;
>
> (2)     occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>
> (3)     is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

TEX. PENAL CODE ANN. § 21.02(e) (West Supp. 2018).

In *Price*, the Texas Court of Criminal Appeals found "that the statutory language is plain in providing that, when the acts alleged were committed against a single child, the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of

---

[3]Although Jackson did not raise this issue with the trial court, "a double jeopardy claim may be raised for the first time on appeal when (1) the double jeopardy violation is clearly apparent on the face of the record, and (2) when enforcement of the usual rules of procedural default serves no legitimate state interests." *Stinecipher v. State*, 438 S.W.3d 155, 159 (Tex. App.—Tyler 2014, no pet.) (citing *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014)).

sexual abuse unless the latter occurred during a different period of time." *Price*, 434 S.W.3d at 606. Accordingly, it concluded that a person "charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed." *Id.*

Here, the State alleged that Jackson committed aggravated sexual assault of Jane "beginning on or about the 1st day of April, A.D. 2016, and ending on or about the 29th day of July, 2016." In companion case 06-18-00054-CR, the State alleged that Jackson committed continuous sexual abuse of Jane Doe by committing two or more acts of aggravated sexual assault "from on or about April 1, 2016 through July 29, 2016." Jackson's conviction for both offenses is not authorized because "the Legislature did not intend to allow a defendant convicted of continuous sexual abuse to be also convicted for aggravated sexual assault of the same child if the aggravated sexual assault at issue and the continuous sexual assault both occurred within the same time periods." *Carmichael v. State*, 505 S.W.3d 95, 100–01 (Tex. App.—San Antonio 2016, pet. ref'd). We sustain Jackson's first point of error on appeal. *See id.* at 101; *Weber v. State*, 536 S.W.3d 31 (Tex. App.—Austin 2017, pet. ref'd).

4

When an appellant is erroneously subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other conviction. *Carmichael*, 505 S.W.3d at 101 (citing *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008)). Accordingly, we vacate Jackson's conviction for aggravated sexual assault of Jane Doe.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 13, 2018
Date Decided:       December 21, 2018

Publish

5