**Affirm and Opinion Filed December 14, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00720-CR

### GABRIEL ADRIAN GUERRA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-81860-2018**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Evans
Opinion by Justice Pedersen, III

A jury found appellant Gabriel Adrian Guerra guilty of continuous sexual abuse of a child, and the trial court assessed his punishment at twenty-five years' confinement. In a single issue, appellant complains that the trial court reversibly erred by admitting evidence of an extraneous offense in violation of the Texas Code of Criminal Procedure and the Texas Rules of Evidence. We affirm the trial court's judgment.

## Background

Appellant was charged with continuous sexual abuse of JA, who was eight years old at the time of trial. At the time of the charged offense, appellant lived with JA, her younger sister EA, and their mother, to whom he was engaged.

Before the trial, the State notified appellant that it intended to offer evidence that he had also abused EA once when she was six years old. The State called EA to testify. She stated that she awakened one night to see appellant by her bed. He moved her legs apart with his hand, and—using the flashlight on his phone—he "looked at the private part that [she] pees with."

The jury found appellant guilty of abusing JA, and he was sentenced to twenty-five years' confinement. This appeal followed.

## Discussion

Appellant contends that the trial court erred by admitting EA's testimony. We review the trial court's decision to admit evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Appellant acknowledges that the code of criminal procedure allows admission of certain extraneous-offense evidence when a defendant is prosecuted, as he was, for a sexual offense involving a child under seventeen years of age. TEX. CODE CRIM. PROC. ANN. art 38.37, § 1(a)(1)(A). Specifically, the statute provides that—notwithstanding rules 404 and 405 of the Texas Rules of Evidence—evidence that the defendant has committed such a separate sexual offense may be admitted at trial "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *Id.* art. 38.37, § 2(b). It provides further, though, that before section-2 evidence may be admitted, the trial court must:

> (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and

> (2) conduct a hearing out of the presence of the jury for that purpose.

*Id.* art. 38.37, § 2-a. Appellant asserts that the trial court never conducted a hearing to determine whether EA's testimony would be adequate to support a finding by the jury, beyond a reasonable doubt, that appellant committed the separate offense. Our record contains no reference to such a hearing.

However, the record also contains no objection by appellant to EA's testimony itself or to the absence of a section 2-a hearing. The statute's hearing requirement is subject to the general requirement of preservation and, therefore, is subject to forfeiture. *Carmichael v. State*, 505 S.W.3d 95, 103 (Tex. App.—San

Antonio 2016, pet. ref'd); *see also, Gonzalez v. State*, No. 05-17-01463-CR, 2019 WL 1292502, at *8 (Tex. App.—Dallas Mar. 21, 2019, pet. ref'd) (mem. op., not designated for publication); *Murphy v. State*, No. 01-17-00588-CR, 2018 WL 6378004, at *7 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.) (mem. op., not designated for publication). In the absence of an objection, appellant has not preserved this complaint for our review, and we cannot conclude the trial court abused its discretion by admitting EA's testimony without holding a section 2-a hearing.

Appellant argues that in the absence of a section 2-a hearing, EA's testimony was barred by rule 404 of the rules of evidence. That rule provides, in relevant part. that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). But because we have found no abuse of discretion related to section 2-a of article 38.37, EA's testimony was admissible under that article, and rule 404's prohibition does not come into play. *See* CODE CRIM. PROC. art. 38.37, § 2(b) (specifying the extraneous evidence is admissible "[n]otwithstanding Rules 404 and 405").[1]

We overrule appellant's sole issue.

---

[1] To the extent that appellant urges rule 404(b)(1) as a separate basis for excluding the evidence, he failed to object to the testimony at trial on that basis as well.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III/.
————————————
BILL PEDERSEN, III
JUSTICE

190720f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GABRIEL ADRIAN GUERRA,
Appellant

No. 05-19-00720-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-81860-
2018.
Opinion delivered by Justice
Pedersen, III. Chief Justice Burns and
Justice Evans participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 14th day of December, 2020.