

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00085-CR

PERRY DWYANE DIXON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2020-1386-C1

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

A McLennan County[1] jury convicted Perry Dwyane Dixon of continuous sexual abuse of young children,[2] and the trial court assessed a sentence of life imprisonment. In his sole issue on appeal, Dixon asserts that the trial court reversibly erred when it admitted extraneous-offense testimony in the State's rebuttal without conducting an Article 38.37 hearing before admitting the testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a. Because Dixon failed to preserve his complaint, we will affirm the trial court's judgment.

## I.      Background

In its indictment, the State alleged that Dixon committed two or more acts of sexual abuse against E.D. and A.E.,[3] two children younger than fourteen years of age, for a period that was thirty or more days in duration. During his cross-examination of the State's witnesses, Dixon asked the witnesses whether E.D.'s and A.E.'s allegations were fabricated and inquired about their motives for making the allegations. After the State rested its case-in-chief, Dixon testified in his own defense and specifically denied each allegation made by E.D. and A.E. Dixon also accused E.D. of attempting to get his other children to say that Dixon touched them and asserted that E.D. made the accusations against him so he could live with his mother. Dixon

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 21.02(b).

[3] We refer to any person who was a minor at the time an offense was committed by their initials. *See* TEX. R. APP. P. 9.10.

2

also testified that he "didn't do nothing to nobody's kids" and denied that he had ever had any sexual contact with any child.

After Dixon rested his case-in-chief, the State advised the trial court that it would offer the testimony of E.G., another alleged victim of Dixon, under Rule 404 to rebut Dixon's defensive theories and his testimony that he never did anything to any child that lived with him. Dixon objected to the testimony based on relevance and under Rule 403[4] because of the danger of prejudice and confusion of the issues. The trial court overruled those objections. The trial court also granted Dixon a running objection to E.G.'s testimony based on relevance and Rule 403.[5]

E.G. identified Dixon as his stepfather and testified that Dixon stayed with his mother and him for seven or eight years. He testified that, from the time he was in elementary school until he was about sixteen, Dixon's sexual organ would contact E.G.'s mouth or anus and that Dixon would ejaculate in him, on him, or in front of him. He testified that this would occur almost every time he and Dixon were alone together.[6]

## II.    Dixon's Complaint Was Not Preserved

In the trial of certain sexual offenses against a child, Article 38.37 allows the admission of evidence that the defendant committed other specified sexual offenses against children. *See*

---

[4]*See* TEX. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.").

[5]On appeal, Dixon does not assert that the trial court erred in overruling his relevance and Rule 403 objections.

[6]Before that testimony, Dixon requested that the trial court give the jury a limiting instruction.  The trial court instructed the jury as follows:  "I instruct the jury, this testimony is to aid you, if it does, to show the motive, scheme or plan or the state of mind of the Defendant.  You should only consider it for that purpose, if you do, if you believe it beyond a reasonable doubt."

TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1, 2.  However, before that evidence may be introduced, "the trial judge must:  (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose."  TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

In his sole issue, Dixon complains that the trial court erred in admitting E.G.'s testimony without conducting an Article 38.37 hearing before his testimony.  However, Dixon never asserted an objection to the testimony in the trial court on the ground that the trial court had failed to conduct an Article 38.37 hearing.  Nevertheless, Dixon asserts that the trial court's failure to hold an Article 38.37 hearing is not subject to the rules of error preservation because the statute requires the trial court to hold a hearing.  As a result, Dixon argues, his right to a hearing is a waivable-only right.  The State contends that the rules of error preservation apply and that Dixon failed to preserve this complaint.  We agree.

### A. Error Preservation

Rule 33.1(a) of the Texas Rules of Appellate Procedure sets forth the "prerequisite to presenting a complaint for appellate review."  TEX. R. APP. P. 33.1(a).  Under that rule, "[t]o preserve a claim of error in the admission or exclusion of evidence for appeal, 'the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it.'" *Ratliff v. State*, No. 10-19-00113-CR, 2021 WL 2693813, at *1 (Tex. App.—Waco June 30, 2021, no pet.) (mem. op., not designated for publication) (quoting *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004)); *see* TEX. R. APP. P. 33.1(a).  "The purposes behind the

4

requirement of a timely, specific objection are: (1) to inform the judge of the basis of the objection and give him a chance to make a ruling on it; and (2) to give opposing counsel the chance to remove the objection or provide other testimony." *Id.* (citing *Garza*, 126 S.W.3d at 82). In other words, "the party making the complaint must bring the issue to the trial court's attention at a time and in a manner that the trial court can correct the problem." *Rodriguez v. State*, 630 S.W.3d 522, 528–29 (Tex. App.—Waco 2021, no pet.) (Gray, C.J., concurring) (citing TEX. R. APP. P. 33.1; *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

As a result, to complain about the admission, exclusion, or suppression of evidence, the party "must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule [or statute] in question and its precise and proper application to the evidence in question." *Bonilla v. State*, 452 S.W.3d 811, 817 (Tex. Crim. App. 2014) (alteration in original) (quoting *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002)). Further, "errors in the admission of evidence" are generally "subject to procedural default, regardless of the constitutional right involved." *Darcy v. State*, 488 S.W.3d 325, 329 (Tex. Crim. App. 2016) (citing *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (citations omitted))).

"Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex.

5

Crim. App. 2004). Included in waivable-only rights are "the rights to the assistance of counsel and the right to trial by jury." *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). Systemic requirements include jurisdiction of the person and subject matter, compliance with the constitution's separation of powers section, and "the constitution['s] prohibition [against] ex post facto laws." *Id.* at 888–89.

## B. Analysis

Although the Waco Court of Appeals has not decided the issue, several of our sister courts of appeals have held that a complaint regarding a trial court's failure to conduct an Article 38.37 hearing is subject to the error preservation rules under Rule 33.1(a). *See Corporon v. State*, 586 S.W.3d 550, 560 (Tex. App.—Austin 2019, no pet.); *Carmichael v. State*, 505 S.W.3d 95, 103 (Tex. App.—San Antonio 2016, pet. ref'd); *Andrade v. State*, No. 07-21-00194-CR, 2023 WL 1469149, at *1 (Tex. App.—Amarillo Feb. 2, 2023, pet. ref'd) (mem. op., not designated for publication); *Jurado v. State*, No. 08-17-00010-CR, 2019 WL 1922757, at *8 (Tex. App.—El Paso Apr. 30, 2019, pet. ref'd) (not designated for publication); *Baker v. State*, No. 03-18-00240-CR, 2019 WL 1646260, at *4 (Tex. App.—Austin Apr. 17, 2019, no pet.) (mem. op., not designated for publication); *Murphy v. State*, No. 01-17-00588-CR, 2018 WL 6378004, at *6–7 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.) (mem. op., not designated for publication); *Cathcart v. State*, No. 05-15-01176-CR, 2017 WL 34588, at *5 (Tex. App.—Dallas Jan. 4, 2017, pet. ref'd) (mem. op., not designated for publication); *Stephens v. State*, Nos. 02-15-00046-CR, 02-15-00047-CR, 2016 WL 2586639, at *7 (Tex. App.—

Fort Worth May 5, 2016, pet. ref'd) (mem. op., not designated for publication). Appellant has not cited, and we have not found, any Texas authority that holds to the contrary.

As the Austin Court of Appeals has noted, "Complaints regarding article 38.37 concern the admissibility of evidence." *Corporon*, 586 S.W.3d at 560. Because the Texas Court of Criminal Appeals has repeatedly held that "complaints about the admissibility of evidence" are subject to Rule 33.1(a)'s error preservation rules, *see Saldano*, 70 S.W.3d at 889, these courts of appeals "have held that a defendant, by not objecting during trial, forfeits his complaint that the trial court failed to conduct an Article 38.37 hearing." *Corporon*, 586 S.W.3d at 560; *see also Carmichael*, 505 S.W.3d at 103; *Stephens*, 2016 WL 2586639, at *7.

Further, several courts of appeals have rejected Dixon's argument that the requirement of a hearing under the statute makes his right to a hearing a waivable-only right. *See Carmichael*, 505 S.W.3d at 103 (reasoning that, in the absence of "language expressly requiring a waiver" in the statute, any error in failing to hold an Article 38.37 hearing "is subject to the general requirement of preservation, and is therefore subject to forfeiture"); *see also Corporon*, 586 S.W.3d at 560; *Jurado*, 2019 WL 1922757, at *8 ("The fact that a right or procedure has a statutory basis does not mean that it is a waiveable [sic] only right as opposed to a right that can be forfeited." (citing *Mendez*, 138 S.W.3d at 342)); *Stephens*, 2016 WL 2586639, at *7 (same). Dixon has not cited, and we have not found, any authority holding that the requirement to hold an Article 38.37 hearing is a waivable-only right that may be asserted for the first time on appeal.

We agree with our sister courts of appeals that a complaint regarding a trial court's failure to conduct an Article 38.37 hearing is subject to the error preservation rules under Rule

7

33.1(a). As a result, because Dixon did not object to the failure to conduct an Article 38.37 hearing at trial, he has forfeited this complaint and presents nothing for our review. We overrule Dixon's sole issue.

## III. Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     October 19, 2023
Date Decided:       October 31, 2023

Do Not Publish