

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00160-CR

_____

AARON MICHAEL MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2022F00022

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Cass County jury convicted Aaron Michael Marshall of sexual assault of a child and assessed a sentence of ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.011(f) (Supp.), § 25.02. In his sole point of error on appeal, Marshall argues that his conviction for this offense violated double jeopardy because he was also convicted of continuous sexual abuse of a young child.[1] Because no double-jeopardy violation is shown on this record, we overrule Marshall's sole point of error and affirm the trial court's judgment.

## I. No Double-Jeopardy Violation Is Shown

The Fifth Amendment guarantee against double jeopardy protects "against multiple punishments for the same offense." *Whalen v. United States*, 445 U.S. 684, 688 (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Initially, we address the State's argument that Marshall failed to preserve his double-jeopardy complaint. While we agree that Marshall did not raise his specific complaint with the trial court, "when the error is clearly apparent from the face of the record, a double jeopardy violation can be raised for the first time on appeal." *Alberts v. State*, 302 S.W.3d 495, 500 (Tex. App.—Texarkana 2009, no pet.) (citing *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008)). As a result, we will examine the record to address Marshall's complaint.

In our companion case 06-23-00158-CR, we discussed the evidence admitted at the consolidated trial on all of Marshall's charges. In 06-23-00158-CR, the State alleged that

---

[1]In companion cause number 06-23-00158-CR, Marshall appeals from a conviction for continuous sexual assault of a young child. In companion cause number 06-23-00159-CR, Marshall appeals from another conviction of sexual assault of a child. In companion cause numbers 06-23-000161-CR through 06-23-00166-CR, Marshall appeals from six other convictions for indecency with a child.

Marshall committed continuous sexual abuse of Alice Owens[2] by committing two or more acts of sexual abuse against her from August 1, 2015, through May 31, 2017.  The State alleged that the predicate offenses for continuous sexual assault were indecency with a child and aggravated sexual assault of a child by penetration of her sexual organ.

It is true that a defendant "charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed."  *Jackson v. State*, 567 S.W.3d 405, 407 (Tex. App.—Texarkana 2018, no pet.) (quoting *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014)).  Here, the record shows that Marshall was not tried for an offense enumerated in the State's continuous sexual assault indictment and that the offense alleged here occurred outside the period of time in which the continuous sexual abuse against Owens was committed.

The State's indictment in this case alleged that,

> on or about the 1st day of September, 2019, . . . **AARON MICHAEL MARSHALL**, did then and there, intentionally and knowingly cause the penetration of the sexual organ of Alice Owens (pseudonym), a child who was younger than 17 years of age, by defendant's finger, and Alice Owens (pseudonym) was a person whom the defendant was prohibited from engaging in sexual intercourse or deviate sexual intercourse under Section 25.02 of the Texas Penal Code.

---

[2]To protect her identity, we will use the State's assigned pseudonym for the child complainant.  *See* TEX. R. APP. P. 9.10.

As a result, whereas the continuous sexual assault allegation involved aggravated sexual assault before Owens's fourteenth birthday on June 1, 2017, the offense alleged here was sexual assault occurring when Owens was sixteen.

Moreover, at the consolidated trial, Owens testified that Marshall penetrated her vagina with his fingers on a total of two occasions. Because she could not testify that those occasions were before her fourteenth birthday, we found that the testimony could not support the use of sexual assaults as predicate offenses occurring within the statutory timeframe of continuous sexual abuse of a young child. Instead, that testimony supported the finding of a separate sexual assault of a child offense in this case and in companion cause number 06-23-00159-CR. Further, this case differs from 06-23-00159-CR because the offense date of that case was "on or about September 1, 2018," whereas the offense date in this case was "on or about September 1, 2019."

Because there is no double-jeopardy violation apparent on the face of this record, we overrule Marshall's sole point of error in this appeal.

## II.     Disposition

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     July 5, 2024
Date Decided:     July 12, 2024

Do Not Publish

4